UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                       NO. 15-154

SOLOMON DOYLE                                SECTION A(3)

## ORDER AND REASONS

The following motion is before the Court: **Renewed Motion to Dismiss (Rec. Doc. 1020)** filed by defendant Solomon Doyle. The Government opposes the motion (Rec. Doc. 1058). The motion was submitted to the Court on April 5, 2017, for consideration on the briefs.

On June 12, 2015, a grand jury in the Eastern District of Louisiana returned a 45 count indictment ("the Indictment") against defendants Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, and Damian Barnes. On April 29, 2016, a grand jury in the Eastern District of Louisiana returned a superseding indictment ("the Superseding Indictment") against Defendants.

Count 1 of the Indictment charges a RICO conspiracy in violation of 18 U.S.C. § 1962(d), which is supported by allegations of 62 "overt acts" by the various defendants in furtherance of the RICO conspiracy.

On February 21, 2017, the jury returned its verdict finding Doyle guilty as to the Count 1 RICO conspiracy. (Rec. Doc. 1011). Notably, the jury acquitted Doyle of the other violent crimes for which he stood trial, including a murder charge. For reasons

explained in greater detail below, in light of the jury's verdict Doyle is now reurging the motion to dismiss that he filed on November 20, 2015 (Rec. Doc. 198), and that the Court subsequently denied on February 2, 2016 (Rec. Doc. 278).

In his original motion to dismiss Doyle argued *inter alia* that the Count 1 RICO charge violated his plea agreement with the Government in the 11-107 case pending before Judge Brown. In that case Doyle pleaded guilty to Count 1 of the Superseding Bill of Information which charged conspiracy to distribute and possess with the intent to distribute 100 grams or more of heroin. (Rec. Doc. 198-2, Plea Agreement). In exchange, the Government agreed to dismiss the Fourth Superseding Indictment, and any other indictments in the case as they pertained to Doyle. The Government also agreed

> not to charge the defendant with any other drug trafficking crimes that he may have committed in the Eastern District of Louisiana prior to July 28, 2011, as long as the defendant has truthfully informed federal agents of the full details of those crimes. **The defendant understands that this agreement does not apply to any crimes of violence which the defendant may have committed.**

*Id.* (emphasis added).

In his original motion to dismiss Doyle contended that the RICO charge constituted a drug trafficking offense in violation of the plea agreement. The Court explained that

> **All of the crimes charged against Doyle in the Indictment are crimes of violence, which the plea agreement specifically excepts.** Counsel for Doyle in the 11-107 case has submitted an affidavit explaining that it was his understanding, and Doyle's, that the "crimes of violence" exception included only statutory offenses that were not predicated upon the drug activity of the Gregory Stewart organization and Doyle's involvement with the organization. (Rec. Doc. 198-4, Lemann affid. Exh. C). Like Lewis's plea agreement, Doyle's plea agreement is not so broadly worded so as to allow him to reasonably infer the type of transactional immunity that he implicitly

> seeks. The Government did not expressly agree, as it had in the *Langston* case that Doyle cites, to forego additional charges arising out of the facts forming the basis of the present [] indictment.

(Rec. Doc. 278) (emphasis added).

Doyle's renewed motion to dismiss is based on the argument that his particular combination of convictions and acquittals renders the Count 1 RICO conspiracy a drug trafficking crime that is not also a crime of violence, at least as to Doyle. Specifically, Doyle points out that the jury acquitted him of the Count 3 firearm conspiracy and of all charges arising out of the Littlejohn Haynes murder—in other words, all of the offenses that were ostensibly violent in nature. (Rec. Doc. 1011, Doyle verdict form). In light of the acquittals, Doyle points out that the only other predicate act that the jury could have found him guilty of committing would have been the predicate act of illegal distribution of heroin and crack cocaine, and that basing his RICO conviction on this particular predicate act would have violated the Government's promise in 11-107 not to charge him with any other drug trafficking crimes. Noting that his plea agreement specifically excepts crimes of violence, Doyle additionally argues that a RICO conspiracy standing alone is not a crime of violence, at least from a statutory standpoint because a RICO conspiracy may consist of predicate acts such as mail fraud and bribery that have no aspect of violence. Doyle points out that a plea agreement and any ambiguities within it must be strictly construed against the Government.

Doyle's argument that the conviction for RICO conspiracy violates the drug trafficking aspect of his plea agreement is based on the erroneous premise that the jury had to have found him guilty of some predicate act (even if uncharged) in order to convict him on Count 1. To the contrary, once the Government proves that two or more

people agreed to commit a substantive RICO offense, the Government need only prove that the defendant [Doyle] knew of and agreed to the overall objective of the RICO offense. (Rec. Doc. 1062, Court's Instructions at 36). Unlike the general conspiracy offense, there is no requirement of some overt act or specific act in the RICO conspiracy statute. *See Salinas v. United States*, 522 U.S. 52, 63 (1997) (citing 18 U.S.C. § 1962(d)).

If the RICO conspiracy constitutes a drug trafficking crime, then the RICO conspiracy must be a "crime of violence" in order to avoid violating Doyle's plea agreement.[1] The term "crime of violence" is not defined in the agreement.[2] That the agreement does not define "crime of violence" does not in and of itself create an ambiguity but the Court notes that at least one district court, in the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015),[3] has held that a RICO conspiracy is not a crime of violence for certain statutory applications, *United States v. Shumilo*, No. 09-939, 2016 WL 6302524 (C.D. Calif. Oct. 24, 2016), and for certain aspects of the Sentencing Guidelines, *Alvarado v. United States*, No. 16-4411, 2016 WL 6302517 (C.D. Calif. Oct. 14, 2016).[4] The district court in those cases reached its conclusion applying the same "categorical approach" that applies in this circuit. *See United States v. Birbal*, 640 Fed.

---

[1] If the RICO offense is not a drug trafficking crime then the question whether it constitutes a "crime of violence" is moot. The plea agreement does not purport to confer blanket immunity for non-drug trafficking crimes that were not charged in the 11-107 case.

[2] The term "drug trafficking crime" is likewise not defined in the agreement.

[3] In *Johnson* the Supreme Court overruled precedent to hold that the residual clause of the Armed Career Criminal Act's definition of "violent felony" was unconstitutionally vague. 135 S. Ct. at 2557.

[4] Both rulings were rendered by United States District Judge George H. Wu.

Appx. 278 (5th Cir. 2016) (unpublished). And the categorical approach focuses solely on the elements of the offense rather than on the facts underlying the conviction or on the defendant's actual conduct. *Id.* at 280 (citing *Taylor v. United States*, 495 U.S. 575, 602 (1990)). Given that the elements of a § 1962(c) RICO offense or a RICO conspiracy do not allude to violence, if the categorical approach were applied to Doyle's plea agreement, then the Count 1 RICO conspiracy might very well not constitute a crime of violence. And the Government's reliance on the massive amounts of violence that were involved in this particular RICO conspiracy would be misplaced.[5]

But as the Government points out in its opposition, "crime of violence" is simply a term used in the plea agreement. (Rec. Doc. 1058, Opposition at 4 n.2). It is not part of a statute, and therefore the prohibition on unconstitutionally vague criminal laws is not at issue here as it was in *Johnson, supra*. The Court is aware of no authority to suggest that the categorical approach—which would require the Court to ignore the stunningly violent nature of the specific RICO conspiracy in this case—applies to a term in a plea agreement. The only question regarding the plea agreement is whether "crime of violence" is ambiguous. The Court does not find the term to be ambiguous.[6]

Accordingly, and for the foregoing reasons;

---

[5] Of course applying the categorical approach, which is essentially what Doyle is arguing, cuts both ways because from a statutory element standpoint, a RICO conspiracy is no more a drug trafficking crime than it is a crime of violence.

[6] The Government contends that even if the Count 1 RICO conspiracy was a drug trafficking crime that was not a crime of violence, Doyle violated the terms of the plea agreement because it is now clear following the trial that he did not inform the Government of the "full details of" the other drug trafficking crimes that he may have committed. The Court expresses no opinion on this contention, which the Court is persuaded could only be properly assessed via a hearing on remand should the Fifth Circuit determine on appeal that the RICO conspiracy conviction violates the Government's obligations under the 11-107 plea agreement.

**IT IS ORDERED** that the **Renewed Motion to Dismiss (Rec. Doc. 1020)** filed by defendant Solomon Doyle is **DENIED.**

April 20, 2017

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE